# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
KYM S. CUSHING, BAR NO. 4242.

No. 78367

**FILED**

JAN 31 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## *ORDER OF SUSPENSION*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Kym S. Cushing be suspended for nine months, with conditions on his ability to seek reinstatement, based on violations of RPC 3.4(c) (fairness to opposing party and counsel: knowingly disobeying an obligation under the rules of a tribunal), RPC 8.1(a) (disciplinary matters), and RPC 8.4(c) (misconduct).

We employ a deferential standard of review with respect to the hearing panel's findings of fact, SCR 105(3)(b), and thus, will not set them aside unless they are clearly erroneous or not supported by substantial evidence, *see generally Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 102, 294 P.3d 427, 428 (2013). In contrast, we review de novo a disciplinary panel's conclusions of law and recommended discipline. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Cushing committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We defer to the panel's findings of fact in this matter as they are supported by substantial evidence and are not clearly erroneous. Cushing wrote himself three checks from his law firm's operating account and deposited them into his personal bank account. When his law firm confronted him about the

20-04420

checks, he lied and stated he was reimbursing himself for payment he made to an expert witness and gave them an address for the expert, which was a property Cushing was renting, and a phone number for the expert, which was the number for Cushing's friend and pro bono client. When the law firm confronted him about the lies, he stated that he wrote the checks to cover gambling losses. At the law firm's request, Cushing then resigned.

Thereafter, Cushing misrepresented the reason for his resignation to a prospective employer. When the State Bar petitioned to have Cushing temporarily suspended, his attorney opposed the petition on Cushing's behalf, stating that Cushing was struggling with a gambling addiction. Cushing later admitted that he does not have a problem with gambling and only told his law firm that he did in an effort to save his job. In denying the petition to temporarily suspend Cushing, this court directed Cushing to report to Nevada Lawyers Assistance Program (NLAP) and comply with treatment recommendations. Cushing entered the NLAP program but failed to comply with its treatment recommendations from July 4 to August 21, 2018. Lastly, Cushing was dishonest with the State Bar during the disciplinary matter by falsely asserting that (1) he was not misrepresenting why he left his former law firm to clients and prospective employers; (2) his delay in reporting to NLAP was caused by NLAP administrators; (3) he had returned a loaner car to the dealership, when it had been repossessed by the dealership; and (4) his personal car was still being repaired when it had been repaired already. Thus, we agree with the

panel's conclusions that the State Bar established by clear and convincing evidence that Cushing violated the above-listed rules.[1]

While Cushing argues that his failure to comply with NLAP treatment recommendations cannot be a violation of RPC 3.4(c) because it did not involve his representation of a client, nothing in RPC 3.4(c) limits an attorney's duty to comply with court orders and rules to when the attorney is representing a client. Thus, we conclude RPC 3.4(c) may apply outside of an attorney's representation of a client. Additionally, a screening panel did not need to consider the allegation that Cushing had violated RPC 3.4(c) before the State Bar could amend the pending disciplinary complaint to include that violation and Cushing's due process rights were not violated because he had notice of the amended complaint and an opportunity to oppose the allegation that he had violated RPC 3.4(c). Lastly, because the order imposing conditions on Cushing's practice of law stated that it was our final decision in the matter and "[a]ny further proceedings involving Cushing shall be docketed as a new matter," *In re Discipline of Cushing*, Docket No. 75149 (Order Denying Petition and Imposing Conditions on Continued Practice, March 6, 2018), Cushing's violation of that order was

---

[1]To the extent Cushing argues the panel could not determine without a handwriting expert's testimony that he had signed his name differently on the signature line and the endorsement line for each check he wrote himself from his firm's operating account, we conclude an expert's testimony was unnecessary as the signatures were markedly different. Further, while Cushing argues a letter he wrote to his car dealership concerning the loaner car that was overdue could not establish a violation of RPC 8.4(c), we need not consider this issue because the panel did not conclude that Cushing violated RPC 8.4(c) by writing the letter, and instead, only relied on the letter as evidence to support an aggravating circumstance (submission of false evidence, false statements, or other deceptive practices during the disciplinary hearing).

properly brought before this court through the underlying disciplinary proceeding.

In determining the appropriate discipline, this court weighs four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). Although this court determines the appropriate discipline de novo, SCR 105(3)(b), the hearing panel's recommendation is persuasive, *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2011).

Cushing violated duties owed to the legal system (failure to comply with a court order) and the profession (disciplinary matters and misconduct). Substantial evidence supports the panel's findings that Cushing's mental state was intentional and that his misconduct harmed the public and the legal profession and potentially harmed his pro bono client.[2] The baseline sanction for Cushing's conduct, before consideration of aggravating and mitigating circumstances, is disbarment. Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 5.11(b) (Am. Bar Ass'n 2017) (providing that disbarment is appropriate when "a lawyer engages in any [noncriminal] intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice").

---

[2]Cushing conceded at the disciplinary hearing that involving his pro bono client in his attempt to cover up his fraudulent checks exposed the pro bono client to potential harm.

The record supports the panel's findings of seven aggravating circumstances (dishonest or selfish motive, pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders, submission of false statements and other deceptive practices during the disciplinary hearing, refusal to acknowledge the wrongful nature of conduct, and substantial experience in the practice of law) and two mitigating circumstances (absence of prior disciplinary record and personal and emotional problems). While Cushing asserts additional mitigating circumstances should apply and that certain aggravating circumstances were wrongly applied, the record does not support those arguments.

Considering all of the factors, including Cushing's personal and emotional problems, we agree with the panel that a downward deviation from the baseline sanction of disbarment is appropriate with certain conditions on Cushing seeking reinstatement. Thus, we conclude the recommended discipline serves the purpose of attorney discipline. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (recognizing that the purpose of attorney discipline is to protect the public, courts, and the legal profession).

Accordingly, we hereby suspend attorney Kym S. Cushing from the practice of law in Nevada for nine months from the date of this order.[3] Before seeking reinstatement, Cushing shall participate in the NLAP and comply with any treatment recommendations; complete an anger management program approved by the State Bar; and complete 10 CLE credits, in addition to the annual requirement, with at least 5 of those

---

[3]To the extent the parties' additional arguments are not addressed herein, we conclude they do not warrant a different outcome.

additional CLE credits in the area of substance abuse. Additionally, Cushing shall pay the costs of the disciplinary proceedings, including $2,500 under SCR 120, within 30 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____*Pickering*_____, C.J.
Pickering

_____(signature)_____, J.
Gibbons

_____(signature)_____, J.
Hardesty

_____(signature)_____, J.
Parraguirre

_____(signature)_____, J.
Stiglich

_____(signature)_____, J.
Cadish

_____(signature)_____, J.
Silver

cc:    Chair, Southern Nevada Disciplinary Board
       Kym S. Cushing
       Bar Counsel, State Bar of Nevada
       Executive Director, State Bar of Nevada
       Admissions Office, U.S. Supreme Court